TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
MARIA ELENA STITELER (Cal. Bar No. 296086)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3165/(505) 224-1495
     Facsimile: (213) 894-3713
     E-mail:    Lyndsi.Allsop@usdoj.gov
                Maria.Stiteler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:25-00886-SPG-1 |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT, COOPERATING WITNESS, AND COOPERATING DEFENDANT INFORMATION |
| v. | |
| RYAN JAMES WEDDING,<br>  aka "James Conrad King,"<br>  aka "Jesse King,"<br>  aka "Jessi,"<br>  aka "~j,"<br>  aka "~R137,"<br>  aka "~PE,"<br>  aka "~3.14,"<br>  aka "~EL COCO,"<br>  aka "R,"<br>  aka "RW,"<br>  aka "JJ,"<br>  aka "Jessie New,"<br>  aka "Jes Old,"<br>  aka "Mexi,"<br>  aka "El Guerro,"<br>  aka "El Jefe,"<br>  aka "El Toro,"<br>  aka "Boss,"<br>  aka "Buddy,"<br>  aka "Giant,"<br>  aka "Grande," | **[PROPOSED ORDER FILED SEPARATELY]** |

aka "Public,"
aka "Public Enemy,"
aka "NPKY8WY7,"
aka "FUJ93HXR,"
aka "PW7RJ83R,"
aka "KJ5JW6HM,"
aka "NXYS6JC9,"
aka "8DC7CAYB,"
aka "49T9KYR9,"
aka "T9PHWCJY,"
aka "YF4TTY4K,"

   Defendant.

Plaintiff, United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Lyndsi Allsop and Maria Elena Stiteler, and defendant RYAN JAMES WEDDING ("defendant"), by and through his counsel of record Anthony E. Colombo, Jr., for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, (3) material that may contain information within the scope of the Privacy Act, and (4) information related to confidential informant(s) ("CI"), cooperating witness(es) ("CW"), and cooperating defendant(s) who may testify at trial.

Introduction and Grounds for Protective Order

1. Defendant is charged in this matter with violations of 21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Count 1); 21 U.S.C. § 963: Conspiracy to Export Cocaine (Count 2); 21 U.S.C. §§ 846, 848(e)(1)(A): Conspiracy to Commit Murder in Connection with a Continuing Criminal Enterprise

2

and Drug Crime and Murder in Connection with a Continuing Criminal Enterprise and Drug Crime (Counts 3-4); 18 U.S.C. § 1512(a)(1)(A), (C), (3)(A), (k): Conspiracy to Tamper with a Witness, Victim, or an Informant and Tampering with a Witness, Victim, or Informant by Completed Murder (Counts 5-6); 18 U.S.C. § 1513(a)(1)(A), (B), (2)(A), (f): Conspiracy to Retaliate Against a Witness, Victim, or an Informant and Retaliation Against a Witness, Victim, or an Informant by Completed Murder (Counts 7-8); and 18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments (Count 9).  Defendant is alleged to be the leader of a violent transnational criminal drug-trafficking organization.  Defendant is detained pending trial.

2.    The indictment also charges 13 other named individuals who have not yet appeared before a judicial officer in this Court.

3.    A protective order is necessary because the government intends to produce to the defense materials regarding CI(s), CW(s), and/or cooperating defendants who participated in the government's investigation and who may testify at trial.  Because these materials could be used to identify the CI(s), CW(s), and/or cooperating defendants, and further, to harm the CI(s), CW(s), cooperating defendants, and/or their families, the government believes that the unauthorized dissemination or distribution of certain materials may (1) compromise the ability of such person(s) to participate effectively in the instant matter, (2) compromise the ability of such person(s) to participate in future investigations in an undercover capacity, and/or (3) expose him/her and/or his/her family to potential safety risks.

4.    A protective order is also necessary because the government intends to produce to the defense materials containing

3

third parties' PII and medical information.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII and medical information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to the defendant, or prepare for trial.

5.   An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

4

6.     The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide defense counsel with sufficient information to adequately represent the defendant.

Definitions

7.     The parties agree to the following definitions:

a.     "Victim Information" includes information relating to any and all "means of identification" of a victim and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, and any and all identifying statements made by a victim that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish to English.

b.     "Witness Information" includes information relating to any and all "means of identification" of a witness and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, and any and all identifying statements made by a witness that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish to English.

c.     "Cooperating Informant or Witness Information" includes information relating to any and all "means of identification" of a CI or CW and his/her family members under 18

5

U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, nicknames, law enforcement identifiers (e.g., confidential human source names and/or numbers), and any and all identifying statements made by a CI or CW that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish to English.

d.    "Cooperating Defendant Information" includes any and all information relating to any "means of identification" of a cooperating defendant and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, nicknames, and/or law enforcement identifiers (e.g., confidential human source names and/or numbers), and any and all identifying statements made by a cooperating defendant that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish to English.

e.    "CI Materials" includes, but is not limited to, PII Materials, Privacy Act Information, and Medical Materials.

f.    "PII Materials" includes any and all information that can be used to identify any person, including, but not limited to, a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

g.    "Medical Materials" includes any and all individually identifiable health information that is connected to a patient's

name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

h.    "Attorney's Eyes Only ("AEO") Materials" includes Victim Information, Witness Information, Cooperating Informant or Witness Information, and Cooperating Defendant Information, in addition to any and all information relating to a CI, CW, and/or defendant's current and prior history of cooperation with law enforcement, current and prior criminal history, statements, or any other information that could be used to identify a CI, CW, and/or cooperating defendant, including, but not limited to, a name, nickname, image, address, date of birth, or unique personal identification number, such as a Social Security number, law enforcement number, driver's license number, account number, and/or telephone number.

i.    "Confidential Information" refers to any document or information containing: CI Materials, Privacy Act Information, PII Materials, and/or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

j.    "AEO Information" refers to any document or information containing AEO Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

k.    "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and

7

(5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case (1) whom defense counsel has identified to the government in writing and (2) who have (a) signed Exhibit A to this Stipulation or a similar form attached hereto, (b) provided the signed exhibit to the government, and (c) filed the signed exhibit on the docket in this matter consistent with and with reference to this stipulation.  The Defense Team does not include defendant, defendant's family members, any other associates of a defendant, or anyone who is not a signatory to this stipulation or any of its exhibits.

l.   "AEO Defense Team" includes defense counsel in addition to specific attorneys and/or paralegals at defense counsel's law firm who are assisting defense counsel with this case (1) whom defense counsel has identified to the government in writing and (2) who have (a) signed Exhibit A to this Stipulation or a similar form attached hereto, (b) provided the signed exhibit to the government, and (c) filed the signed exhibit on the docket in this matter consistent with and with reference to this stipulation.  The AEO Defense Team does not include defendant, defendant's family members, any other associates of a defendant, or anyone who is not a signatory to this stipulation or any of its exhibits.

Terms of the Protective Order

8.   The parties jointly request that the Court enter the Protective Order, which will permit the government to produce Confidential Information and AEO Information in a manner that preserves the privacy and security of third parties and cooperating defendants.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend or something similar: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any CI Materials, PII Materials, Privacy Act Information, or Medical Materials contained in the production of Confidential Information.

b.    The government is authorized to provide defense counsel with AEO Information marked with the following legend or something similar: "ATTORNEY'S EYES ONLY -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any CI Materials, PII Materials, Privacy Act Information, Medical Materials, or AEO Materials contained in the production of AEO Information.

c.    If defendant objects to a designation that material contains Confidential Information and/or AEO Information, defendant, by and through his attorney of record, shall meet and confer with the government.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

d.    Defendant, his Defense Team, and his AEO Defense Team agree to use the Confidential Information and/or AEO Information solely to prepare for any pretrial motions, plea negotiations,

9

trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

e.    Defendant's Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

f.    Defendant's AEO Defense Team shall not permit anyone other than members of the AEO Defense Team to see and review AEO Information at any time.  At no time, under no circumstance, will any AEO Information be shown to defendant, or left in the possession, custody, or control of defendant, regardless of defendant's custody status.  The AEO Defense Team shall not show, orally disclose, or share in any manner, with defendant or any other individual or witness who is not a member of the AEO Defense Team any AEO Information.

g.    Notwithstanding the paragraph(s) above, defendant may see and review CI Materials only in the presence of his defense counsel and his defense counsel shall ensure that defendant is never left alone with any CI Materials.  At the conclusion of any meeting with defendant at which he is permitted to view CI Materials, defendant must return any CI Materials to his defense counsel, who shall take all such materials with counsel.  Defendant may not take any CI Materials out of the room in which he is meeting with his defense counsel.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

h.    Notwithstanding the paragraph(s) above, each AEO Defense Team member may see and review AEO Materials only in the

presence of defense counsel who is a member of the AEO Defense Team and defense counsel shall ensure that other members of the AEO Defense Team are never left alone with any AEO Materials.  At the conclusion of any meeting with the AEO Defense Team at which members of the AEO Defense Team are permitted to view AEO Materials, those members of the AEO Defense Team must return any AEO Materials to defense counsel, who shall take all such materials with counsel. Those members of the AEO Defense Team may not take any AEO Materials out of the room in which he/she/they are meeting with defense counsel.  At no time, under no circumstance, will any AEO Information be left in the sole possession, custody, or control of any member of the AEO Defense Team, aside from defense counsel. Aside from defense counsel, members of the AEO Defense Team may not copy, keep, maintain, or otherwise possess AEO Materials.

i.    Defendant may review PII Materials and Medical Materials only in the presence of a member of his Defense Team, who shall ensure that defendant is never left alone with any PII Materials or Medical Materials.  At the conclusion of any meeting with defendant at which he is permitted to view PII Materials or Medical Materials, defendant must return any PII Materials or Medical Materials to his Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any PII Materials or Medical Materials out of the room in which he is meeting with the Defense Team.

j.    Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Also, defendant may not write down or

11

memorialize any data or information contained in the Confidential Information.

k.   Defendant cannot see, review, copy, keep, maintain, summarize, memorialize, or otherwise possess any AEO Information as defendant will have access to redacted versions of that same discovery consistent with this Protective Order.

l.   Members of the Defense Team may review Confidential Information with a witness or potential witness in this case, including the defendant; however, defense counsel must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials or Medical Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any defense witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  All such members of the Defense Team, witnesses, and proposed witnesses shall be further identified to the government and sign a signature page provided by the government consistent with Exhibit A attached hereto.  No member of the Defense Team shall permit a defense witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

m.   Members of the AEO Defense Team may not review AEO Information with anyone, including, but not limited to any witness(es), potential witness(es), and/or the defendant in this case and must instead use the corresponding redacted discovery in accordance with this Protective Order.  Before being shown any portion of AEO Information, any additional proposed members of the

AEO Defense Team must be identified to the government, and be informed of, and agree in writing to be bound by, the requirements of the Protective Order by the applicable defense counsel.  Such identification shall include signing a signature page provided by the government consistent with Exhibit A attached hereto.  Aside from defense counsel, no members of the AEO Defense Team shall be permitted to retain AEO Information or any notes generated from AEO Information.

n.    The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CI Materials shall not be left unattended in any vehicle.

o.    The defense counsel shall maintain AEO Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the AEO Defense Team to see and review AEO Information; (2) not divulging to anyone other than members of the AEO Defense Team the contents of AEO Information; and (3) not permitting AEO Information to be outside of counsel's office(s) or personal presence.  AEO Information shall not be left unattended in any vehicle.

13

p.   To the extent that defendant, his Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

q.   To the extent that members of the AEO Defense Team create notes that contain, in whole or in part, AEO Information, or to the extent that copies are made for authorized use by members of the AEO Defense Team, such notes, copies, or reproductions become AEO Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

r.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials, PII Materials, or Medical Materials and make all reasonable attempts to limit the divulging of CI Materials, PII Materials, or Medical Materials.

s.   The AEO Defense Team shall use AEO Information only for the litigation of this matter, which includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255, and for no other purpose but shall not file any AEO Information without first redacting such information or, in the event that a party needs to file AEO Information with the Court or divulge the contents of AEO Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any AEO Information and make all reasonable attempts to limit the divulging of AEO Information.

t.   The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER" or something similar, the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

u.   The parties agree that any AEO Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective

Order.  If AEO Information was inadvertently produced prior to entry of the Protective Order without being marked "ATTORNEY'S EYES ONLY -- CONTENTS SUBJECT TO PROTECTIVE ORDER" or something similar, the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The AEO Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

v.    The parties agree that if any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

w.    The parties agree that if any AEO Information contains both AEO Materials and another category of Confidential Information, the information shall be handled in accordance with the AEO Materials provisions of the Protective Order.

x.    No AEO Defense Team member shall disclose the fact that an individual is a CI, CW, and/or cooperating defendant to any individual who is not also an AEO Defense Team member.

y.    Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all

16

PII Materials or Medical Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

z.    AEO Information shall not be used by the AEO Defense Team, in any way, in any other matter, absent an order by this Court.  All AEO Materials designated subject to the Protective Order maintained in defense counsel's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return AEO Materials to the government or certify that such materials have been destroyed.

aa.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney(s) assigned to the case.  New defense counsel then will become the Defense Team and the AEO Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or Medical Materials; and

(2) returning to the government or certifying the destruction of all CI Materials and AEO Materials.

bb.   Defense counsel agrees to advise the defendant and all members of the Defense Team and AEO Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant, members of the Defense Team, and/or members of the AEO Defense Team with access to any materials subject to the Protective Order.

cc.   Defense Counsel has conferred with the defendant, Defense Team, and AEO Defense Team regarding this stipulation and the proposed order thereon, and the defendant agrees to the terms of the proposed order.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

18

dd.   Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: March 25, 2026

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


*/s/ Maria Elena Stiteler*

LYNDSI ALLSOP
MARIA ELENA STITELER
Assistant United States
Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: 3/25/26

ANTHONY E. COLOMBO, JR.
Attorney for Defendant
RYAN JAMES WEDDING