TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
MARIA ELENA STITELER (Cal. Bar No. 296086)
Assistant United States Attorney
Transnational Organized Crime Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3165/(505) 224-1495
      Facsimile: (213) 894-3713/0141
      E-mail:    Lyndsi.Allsop@usdoj.gov
                 Maria.Stiteler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00886-SPG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RYAN JAMES WEDDING, aka "James Conrad King," aka "Jesse King," aka "Jessi," aka "~j," aka "~R137," aka "~PE," aka "~3.14," aka "~EL COCO," aka "R," aka "RW," aka "JJ," aka "Jessie New," aka "Jes Old," aka "Mexi," aka "El Guerro," aka "El Jefe," aka "El Toro," aka "Boss," aka "Buddy," aka "Giant," | **CURRENT TRIAL DATE:** 4/28/2026  7/28/2026 **PROPOSED TRIAL DATE:** 12/01/2026 |

aka "Grande,"
aka "Public,"
aka "Public Enemy,"
aka "NPKY8WY7,"
aka "FUJ93HXR,"
aka "PW7RJ83R,"
aka "KJ5JW6HM,"
aka "NXYS6JC9,"
aka "8DC7CAYB,"
aka "49T9KYR9,"
aka "T9PHWCJY,"
aka "YF4TTY4K,"
TOMMY DEMORIZI, and
YULIETH KATHERINE TEJADA,
aka "ana.kata1992,"

          Defendants.

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Lyndsi Allsop and Maria Elena Stiteler, and defendant RYAN WEDDING ("defendant Wedding"), both individually and by and through his counsel of record, Anthony E. Colombo Jr., TOMMY DEMORIZI ("defendant Demorizi"), both individually and by and through his counsel of record, Mark Chambers, and YULIETH KATHERINE TEJADA ("defendant Tejada"), both individually and by and through her counsel of record, Carlos L. Juarez, hereby stipulate as follows:

1.    The Indictment in this case was made public on November 18, 2025.  (Dkt. No. 67.)

2.    Defendant Wedding first appeared before a judicial officer of the court in which the charges in this case were pending on January 26, 2026.  (Dkt. No. 84.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to defendant Wedding commence on or before April 6, 2026.  On January 26, 2026, the Court set a trial date of March 24, 2026.  The Court has previously

2

continued the trial date for defendant Wedding from March 24, 2026, to July 28, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 89.)

3.    Defendant Demorizi first appeared before a judicial officer of the court in which the charges in this case were pending on March 6, 2026.  (Dkt. No. 92.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to defendant Demorizi commence on or before May 8, 2026.  On March 6, 2026, the Court set a trial date of April 28, 2026.  (Dkt. No. 92.)

4.    Defendant Tejada first appeared before a judicial officer of the court in which the charges in this case were pending on December 5, 2025.  (Dkt. No. 71.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to defendant Tejada commence on or before February 13, 2026.  On December 5, 2025, the Court set a trial date of January 27, 2026.  (Dkt. No. 71.)  The Court has previously continued the trial date for defendant Tejada from January 27, 2026, to July 28, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. No. 81.)

5.    The Indictment also charges 16 other individuals who have not yet appeared before a judicial officer of the court in which the charges in this case were pending; many of these other defendants are either fugitives or have been arrested in other countries and not yet extradited.

6.    At present, defendants Wedding and Tejada have a trial date of July 28, 2026, and a status conference date of July 15, 2026. Defendant Demorizi has a trial date of April 28, 2026.

7.    Defendants Wedding, Demorizi, and Tejada are detained pending trial.  The parties estimate that the trial in this matter will last approximately four to five weeks.  All defendants are joined for trial and a severance has not been granted.

8.    By this stipulation, defendants Wedding, Demorizi, and Tejada moves to continue the trial date to December 1, 2026, and the status conference date to November 18, 2026.  This is defendant Wedding and Tejada's second request for a continuance and defendant Demorizi's first request for a continuance.

9.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendants Wedding, Demorizi, and Tejada are charged with violations of 21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Count 1); 21 U.S.C. § 963: Conspiracy to Export Cocaine (Count 2); 21 U.S.C. §§ 846, 848(e)(1)(A): Conspiracy to Commit Murder in Connection with a Continuing Criminal Enterprise and Drug Crime and Murder in Connection with a Continuing Criminal Enterprise and Drug Crime (Counts 3-4); 18 U.S.C. § 1512(a)(1)(A), (C), (3)(A), (k): Conspiracy to Tamper with a Witness, Victim, or an Informant and Tampering with a Witness, Victim, or Informant by Completed Murder (Counts 5-6); and 18 U.S.C. § 1513(a)(1)(A), (B), (2)(A), (f): Conspiracy to Retaliate Against a Witness, Victim, or an Informant and Retaliation Against a Witness, Victim, or an Informant by Completed Murder (Counts 7-8). Defendant Wedding is also charged with a violation of 18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments (Count 9). Discovery in this case is voluminous.  The government has produced or

4

is in the process of preparing discovery for the defendants, and, in the interim, and in accordance with Rule 16, has made the discovery available for the defense to view.

b.    Due to the transnational nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery being prepared for the defense, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

c.    Anthony E. Colombo, Jr., defense counsel for defendant Wedding, is presently scheduled to be in the following trials and other proceedings: 1) United States v. Ruben Oseguera-Gonzalez, Case No. 25-3032, a post-trial appeal of a life sentence pending in the briefing stage before the D.C. Court of Appeals, with a collateral civil lawsuit being prepared in relation to the conditions of confinement in the Bureau of Prisons; 2) United States v. Dewayne Morris, Jr., Case No. 25-156, a post-trial appeal pending in the briefing stage before the Ninth Circuit Court of Appeals; 3) United States v. Yessenia Madrigal, Case No. 25-cr-3909-JES, Southern District of California, a single defendant importation of cocaine case currently set on April 17, 2026, for a Motion Hearing and Trial Setting, with the trial expected to last five days; 4) United States v. Samuel Baez Tinoco, Case No. 25-cr-2206-LL, Southern District of California, a single defendant importation of methamphetamine case currently set for a Motions in limine hearing on June 3, 2026, and trial on June 16, 2026, with the trial expected to last five days; and 5) United States v. Poly Antunez, 26cr0402-TWR, Southern District of California, multiple defendant conspiracy to commit murder in aid

of racketeering case currently set for a motion hearing on June 24, 2026, a motions in limine hearing September 24, 2026, and trial to begin on October 13, 2026, which is expected to last four weeks (please note a sentencing on a related case mentioned below is also pending for this client).  Counsel also has the following upcoming sentencing hearings, several of which require out-of-state travel: 1) United States v. Fernando Martinez-Lopez, Case No. 24-cr-00191-DMT, District of North Dakota, August 10, 2026; 2) United States v. Benito Estrada, Case No. 23-cr-00718-CCC, District of New Jersey, (currently pending a date to be set); 3) United States v. Poly Antunez, Case No. 23-cr-2349-AGS, Southern District of California, June 22, 2026; 4) United States v. Daniel Juarez, Case No. 25-cr-02634-JO, Southern District of California, March 27, 2026; 5) United States v. Lazaro Sotolongo, Case No. 24-cr-02708-JO, Southern District of California, April 24, 2026; 6) United States v. Sujey Velazquez, Case No. 26-cr-00074-BJC, Southern District of California, May 18, 2026; 7) United States v. Juan Carlos Marquez-Navarro, Case No. 25-cr-4907-AJB, Southern District of California, May 4, 2026; and 8) United States v. Amanda Wegenast, Case No. 26-cr-00902-H, Southern District of California, June 15, 2026.  In addition, counsel has other matters pending such as:  1) United States v. Nameer Atta, Case No. 21-cr-01289-RBM, Southern District of California, set for restitution hearing on April 10, 2026, with post-trial restitution related to a fentanyl death conviction.

d.    Mark Chambers, defense counsel for defendant Demorizi, is presently scheduled to be in the following trials: 1) United States v. Rodriguez, Case No. 25-CR-765-MEMF-1, a single defendant murder case currently set for trial on March 23, 2026, with the trial

expected to last three days and no further continuances expected; and 2) United States v. Valenzuela, Case No. 22-cr-34-FWS-15; a three-defendant RICO homicide case currently set for trial on July 7, 2026, with the trial expected to last three weeks, and having been continued multiple times with no further continuances expected.

e.    Carlos L. Juarez, defense counsel for defendant Tejada, is presently scheduled to be in the following trials: (1) a drug conspiracy trial in United States v. Quintero-Duarte, Case No. 24-cr-00124-JGB-2, which is set to begin trial on April 28, 2026, and estimated to last four days, with the defendant in custody, at least five continuances having already been granted, and the case expected to proceed to trial on the set date if not resolved; (2) a seven-defendant mortgage fraud trial (with RICO/murder counts against other defendants) in United States v. Henley (Blanton), Case No. 25-cr-00211-FLA-6, which is set to begin trial on May 5, 2026, and estimated to last two to three weeks, with at least one continuance having already been granted, and no further continuances expected; (3) a drug conspiracy/MS-13 case in United States v. Arredondo, Case No. 23-cr-00545-AB, which is set to begin trial on May 19, 2026, and is expected to last two to three weeks, with the defendant in custody and no further continuances expected; (4) a drug conspiracy and gun possession case in United States v. Blackstone, Case No. 25-cr-00343-KK-2, which is set to begin trial on August 17, 2026, and is expected to last four to five days, with the defendant in custody and unwilling to waive time; (5) a drug conspiracy case in United States v. Aguirre, Case No. 21-cr-00383-GW-1, which is set to begin trial on October 6, 2026, and is expected to last four to five days, with the case having been continued several times, and no further continuances

expected; and (6) a multi-defendant kidnapping case in United States v. Felix-Lopez, Case No. 23-00199-JGB, which is set to begin trial on October 20, 2026, and is expected to last about two weeks, with the defendants in custody and no further continuances expected.

f.    Accordingly, counsel for defendants Wedding, Demorizi, and Tejada represents that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

g.    In light of the foregoing, counsel for defendants Wedding, Demorizi, and Tejada also represent that additional time is necessary to confer with the defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h.    Defendant Wedding, Demorizi, and Tejada believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

i.    The government does not object to the continuance.

j.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

10. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 6, 2026, to December 1, 2026, inclusive, as to defendant Demorizi, and the time period of July 28, 2026, to December 1, 2026, inclusive, as to defendants Wedding and Tejada should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated:   April 9, 2026              Respectfully submitted,

                                   TODD BLANCHE
                                   Acting Attorney General

                                   BILAL A. ESSAYLI
                                   First Assistant United States
                                   Attorney

                                   ALEXANDER B. SCHWAB
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division


                                   _____/s/_____
                                   LYNDSI ALLSOP
                                   MARIA ELENA STITELER
                                   Assistant United States Attorneys


                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

I am RYAN JAMES WEDDING's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 1, 2026, is an informed and voluntary one.

_____     4/9/26
ANTHONY COLOMBO                       Date
Attorney for Defendant
RYAN JAMES WEDDING

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 1, 2026.

_____     4/9/26
RYAN JAMES WEDDING                    Date
Defendant

I am TOMMY DEMORIZI's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 1, 2026, is an informed and voluntary one.

_____        _____
MARK CHAMBERS                              Date    3·25-26
Attorney for Defendant
TOMMY DEMORIZI


This agreement has been read to me in French, the language I understand best, and I have carefully discussed every part of it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 1, 2026.

_____        _____
TOMMY DEMORIZI                             Date    3·25 26
Defendant


### CERTIFICATION OF INTERPRETER

I, MARTITTA PALMER, am fluent in the written and spoken English and French languages.  I accurately translated this entire agreement from English into French to defendant TOMMY DEMORIZI on this date.

_____        _____
INTERPRETER                               Date    3/25/25
Judicial Council of
California # 700127
for French + Italian

I am YULIETH KATHERINE TEJADA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 1, 2026, is an informed and voluntary one.

_____          3-31-2026
CARLOS L. JUAREZ                          Date
Attorney for Defendant
YULIETH KATHERINE TEJADA

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 1, 2026.

_____          3-31-2026
YULIETH KATHERINE TEJADA                  Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, ALEJANDRO FRANCO , am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant YULIETH KATHERINE TEJADA on this date.

_____          3/31/2026
INTERPRETER                               Date