NOTE:CHANGES BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RYAN JAMES WEDDING,
aka “James Conrad King,”
aka “Jesse King,”
aka “Jessi,”
aka “~j,”
aka “~R137,”
aka “~PE,”
aka “~3.14,”
aka “~EL COCO,”
aka “R,”
aka “RW,”
aka “JJ,”
aka “Jessie New,”
aka “Jes Old,”
aka “Mexi,”
aka “El Guerro,”
aka “El Jefe,”
aka “El Toro,”
aka “Boss,”
aka “Buddy,”
aka “Giant,”
aka “Grande,”
aka “Public,”
aka “Public Enemy,”
aka “NPKY8WY7,”
aka “FUJ93HXR,”
aka “PW7RJ83R,”
aka “KJ5JW6HM,”
aka “NXYS6JC9,”
aka “8DC7CAYB,”
aka “49T9KYR9,”
aka “T9PHWCJY,”

No. 2:25-CR-00886-SPG

ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**[PROPOSED] TRIAL DATE: 5/18/2027**

**[PROPOSED] STATUS CONFERENCE: 5/5/2027**

aka "YF4TTY4K,"
WILSON RIASCOS,
aka "Pepe,"
TOMMY DEMORIZI, and
YULIETH KATHERINE TEJADA,
aka "ana.kata1992,"

Defendants.

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on September 30, 2026. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from October 20, 2026 (for defendant Wilson Riascos) and December 1, 2026 (for defendants Ryan Wedding, Tommy Demorizi, and Yulieth Katherine Tejada), to March 31, 2027 at 8:30 a.m. The status conference hearing is continued from November 18, 2026, to March 3, 2027 at 9:30 a.m.

2. The time period of October 20, 2026, to May 18, 2027, inclusive (for defendant Riascos), and the time period of December 1, 2026, to May 18, 2027, inclusive (for defendants Wedding, Demorizi, and Tejada) is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

October 7, 2026
DATE

HONORABLE SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE